Outlaw *vs.* Christy.

No appearance for defendant.

---

JOHN OUTLAW, plaintiff in error, *vs.* N. G. CHRISTY, defendant in error.

Sections 3981 and 3982 of the Code, requiring petitions for *certiorari* to be verified by oath, and that bond shall be given for future costs and for the eventual condemnation money, are not superseded by the Constitution of 1868, requiring *certioraris* to issue only on the sanction of the Judge.

Outlaw *vs.* Christy.

*Certiorari.* Before Judge Clark. Lee Superior Court. February, 1871.

In 1870, Christy sued out against Outlaw, a warrant, for forcible entry and detainer. There was a trial and decision against Outlaw. He sued out a *certiorari* to correct errors alleged to have been made on said trial. To this petition was added an affidavit by Outlaw, that he was advised and believed he had good grounds for *certiorari*, and did not sue it out for delay, but there was no affidavit as to the truth of the allegations therein, nor was there any bond for future costs, etc. Upon this paper being presented to Judge Clark, he ordered *certiorari* to issue and a *supersedeas* of the judgment below. The Clerk issued the writ. When the cause came on for trial, Christy's counsel moved to dismiss it, because it was not sworn to and because no bond was given, as aforesaid, and on other grounds not passed upon here. The Court dismissed it and that is assigned as error.

GEORGE W. WARWICK; F. H. WEST; VASON & DAVIS, for plaintiff in error. No affidavit when Judge sanctions writ: Code, secs. 3978, 3980, 3981. Constitution requires his sanction : Const. 1868, Art. V. No eventual condemnation money in this case and therefore bond not necessary : 39th Ga. R., 713.

C. B. WOOTEN, for defendant.

McCAY, Judge.

It is true that the provisions of sections 3978 to 3988 of the Code were enacted when *certiorari* was a matter of right, and was issued by the Clerk of the Superior Court, on the petition of the applicant. That such a petition should be verified and bond given, was very important. But is it any less so now? If the party may state anything he pleases in the petition, the sanction of the Judge gives no new security; for if the applicant seeks delay he will state facts enough to

secure the sanction, whether they be true or not.   The object of the Constitution was, doubtless, to stop the practice of obtaining *certioraris* as matter of course, and it hence requires the sanction of the Judge.   But we see no ground for holding that the affidavit of the truth of the facts, and the bond, etc., are not still required.   That part of the affidavit which swears that the applicant is informed and believes he has good cause for *certiorari*, may, perhaps, be now unnecessary, as that is for the Judge and not the party to say.   But we think he must still swear to the facts.   The certificate appended in this case by the magistrate, that the facts are true, is not required or authorized by law, and is, therefore, unofficial.   The return or certificate of an officer, that certain facts exists, must, to be evidence, be official; that is such a return or certificate as the law provides for, otherwise it is no better than the certificate of a mere citizen.   We think the *certiorari* was properly dismissed.

Judgment affirmed.